**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DOK ZAINUTDINOV,<br>Petitioner,<br>v.<br>ERNEST SANTACRUZ, JR., ETC., ET AL.,<br>Respondents. | No. ED CV 26-5490-E<br><br>ORDER FOR ENTRY OF JUDGMENT |

**PROCEEDINGS**

Petitioner, a detainee of Immigration and Customs Enforcement ("ICE"), filed a "Petition for a Writ of Habeas Corpus, etc." ("the Petition") on September 21, 2026. The Petition seeks, inter alia, immediate release from detention on reasonable conditions. Respondents failed to file any timely Answer to the Petition.[1] Petitioner filed a "Notice of Respondents' Failure to Answer" on September 29, 2026.

///

///

---

[1] This failure may not have been accidental. At a September 8, 2026 meeting of the Magistrate Judges of this Court, the Chief Magistrate Judge reported that the United States Attorney's Office has decided that it will file nothing in response to some immigration-related habeas corpus petitions, notwithstanding General Order 26-05 ("The Court hereby directs Respondents to show cause why the writ of habeas corpus should not be granted").

## BACKGROUND

Petitioner is a Russian national who entered the United States in 2021 and was then released on parole. On February 12, 2026, an immigration judge issued an in absentia order of removal. On March 25, 2026, ICE agents re-detained Petitioner. Petitioner has remained in ICE detention ever since.

In a prior habeas action filed by Petitioner (Zainutdinov v. Santacruz, ED CV 26-1810-E), this Court mandated a bond hearing before an immigration judge, but denied further relief. The bond hearing did not alter Petitioner's detention.

Now, additional months have passed without Petitioner's removal. According to the present Petition, Russia affirmatively refused to accept Petitioner's removal in August of 2026 and no travel documents for Petitioner exist. Petitioner contends there is good reason to believe that there is no significant likelihood of his removal in the foreseeable future.

## DISCUSSION

Respondents failed to file a timely Answer. However, habeas relief may not properly issue as a consequence of a respondent's default. See, e.g., Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990); Hinkson v. Copenhaver, 2014 WL 1255922, at *1-2 (E.D. Cal. Mar. 25, 2014). To obtain federal habeas relief, a petitioner must show that he or she is "in custody in violation of the Constitution or laws or treaties of the United States." See Rasul v. Bush, 542 U.S. 466, 473 (2004); 28 U.S.C. §§ 2241(a), (c)(3). "It is the petitioner's burden to prove his custody is in violation of the Constitution, laws or treaties of the United States." Snook v. Wood, 89 F.3d 605, 609 (9th Cir. 1996) (citation omitted).

///

///

Section 1231 of Title 8 U.S.C. governs the detention of noncitizens who have been ordered removed from the United States. See Fernandez v. Scott, 2026 WL 607761, at *3 (W.D. Wash. Mar. 4, 2026). Detention is mandatory during a 90-day "removal period." See id.; 8 U.S.C. § 1231(a)(1), (2). After this removal period, the Government may continue to detain the noncitizen, but "the post-removal-period detention scheme contains an implicit 'reasonable time' limitation." Lieu v. Noem, 2026 WL 712952, at *3 (C.D. Cal. March 10, 2026) (citing and quoting Zadvydas v. Davis, 533 U.S. 678, 682 (2001) ("Zadvydas"). In Zadvydas, the Supreme Court ruled that the "presumptively reasonable" period of detention is six months. Zadvydas, at 701. "After this 6-month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id. If the Government fails to respond with sufficient evidence to rebut the showing, the noncitizen must be released. See, e.g., Thai v. Ashcroft, 366 F.3d 790, 797 (9th Cir. 2004) (upholding the required release of a noncitizen in such circumstances even though the noncitizen was a "violent criminal" who posed a danger to the community).

Petitioner has been in ICE detention for more than six months. The present Petition establishes "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." The Government has failed to "respond with evidence sufficient to rebut that showing." Accordingly, Petitioner must be released. See id.

///

///

///

///

///

///

///

///

**CONCLUSION**

For all of the foregoing reasons, the Petition is granted in part. Respondents are ordered to release Petitioner (A# 220-561-874) from detention immediately, subject to reasonable conditions of supervision.[2]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: September 30, 2026

CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

2 Petitioner has failed to justify any additional or different form of habeas relief.